ALEXANDER MARTIN *versus* PENOBSCOT MUT. F. INS. CO.

A clause, in an Act incorporating a Mutual Fire Insurance Company, providing that, "in case of loss * * by fire," the insured "shall give notice thereof in writing to the directors * * within thirty days; and the directors shall ascertain and determine the amount of such loss, and, if the party suffering is not satisfied with such determination, * * he may bring an action against said company for said loss, at the next Court, to be holden in and for the county" where said company is established, "and not afterwards" * * neither repeals in express terms, nor by necessary implication, so much of c. 81, § 6, of R. S., as authorizes the plaintiff to maintain his action in the county where he resides.

ON FACTS AGREED.

This was an action by the plaintiff, a resident of Hancock county, against the defendant company, established at Bangor, in Penobscot county, on a policy of insurance.

Section 7, of the Act incorporating the defendants (said Act being annexed to said policy) provides as follows : —

"That in case of any loss or damage by fire happening to any member upon property insured in and with said company, the said member shall give notice thereof in writing to the directors or some one of them or to the secretary of said company, within thirty days from the time such loss or damage may have happened ; and the directors upon a view of the same, or in such other way as they may deem proper, shall ascertain and determine the amount of such loss or damage, and, if the party suffering is not satisfied with the determination of the directors, the question may be submit-

ted to referees, or the said party may bring an action against said company for said loss or damage at the next Court to be holden in and for the county of Penobscot, and not afterwards, unless said Court shall be holden within sixty days after said determination; but, if holden within that time, then at the next Court holden in said county thereafter."

The only question raised was whether the action could lawfully be maintained in Hancock county.

*Wiswell*, for plaintiff.

*J. A. Peters*, for defendants.

TAPLEY, J.—By the provisions of R. S., c. 81, § 6, corporations of the character and class of the defendants " may sue and be sued in the county in which they have any established place of business, or in that in which the plaintiff or defendant being a natural person lives." .

This provision of law, general in its character, it is contended is not applicable to the case at bar, by reason of the provisions of the 7th section of the Act of incorporation of the defendants, which provides, " that in case of any loss or damage by fire, happening to any member upon property insured in and with said company, the said member shall give notice thereof in writing to the directors, or some one of them, or to the secretary of said company, within thirty days from the time such loss or damage may have happened; and the directors upon a view of the same, or in such other way as they may deem proper, shall ascertain *and determine* the amount of such loss or damage, and if the party suffering is *not satisfied* with the *determination* of the directors, the question may be submitted to referees, or the said party may bring an action against said company, for said loss or damage, at the next Court to be holden in and for the county of Penobscot, and not afterwards, unless said Court shall be holden within sixty days after said *determination;* but if holden within that time, then at the next Court holden in said county thereafter," &c., &c.

Martin *v.* Penobscot M. F. Ins. Co.

These provisions are special in their character and application, and are not to be extended by implication.

It is only in a particular class of cases the remedy there provided can be made available.

By the provisions of this section, the defendants, after receiving notice of loss as therein provided, shall proceed in some of the modes there pointed out, and ascertain and *determine* the amount of loss or damage; *then,* if the party suffering is *not satisfied* with the *determination* of the directors, he may seek either remedy there pointed out. The *determination of the damages,* in the manner there provided, is a condition precedent to the application of the remedy therein provided. This is apparent from all the subsequent provisions of the section. They refer to a case where a determination has been made by the directors.

If no other remedy existed, the directors, by refusing thus to determine, might delay at pleasure the payment of the loss, and indeed leave the party remediless upon the contract of insurance if they were disposed to.

This section neither repeals in express terms, or by necessary implication, so much of c. 81, § 6, as authorizes the plaintiff to maintain his action in the county where he resides. How far it would affect the action if the directors had determined the loss, or if commenced in the county of Penobscot, we do not now decide. That question does not necessarily arise here. The proofs exhibit no evidence of such determination by the directors. We are therefore of opinion that the plaintiff may seek his remedy in the county of Hancock, the place of his residence.

*Action to stand for trial.*

WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.